THE SEITZ ESTATES, INC., Plaintiff, *v.* MEDICO BROTHERS, INC., Defendant.

First Department, April 3, 1936.

*Philip W. Lowry* of counsel [*Hill, Lockwood & Redfield,* attorneys], for the plaintiff.

*Oscar L. Spears,* for the defendant.

McAvoy, J. On October 17, 1935, the defendant, a domestic corporation, signed a contract for the purchase of certain real property and paid to plaintiff $1,000. On November 20, 1935, the defendant rejected the title offered and refused to execute the purchase-money mortgage and pay the cash stipulated by the contract, on the ground that there was an undivided one-quarter interest in the fee of the premises contracted to be sold, outstanding in one Walter R. Seitz, an incompetent person.

All of the facts concerning the title to the real property in question were submitted in June, 1929, to this court upon the same statement of controversy as now submitted, except that this defendant was nōt there a party and the monetary terms of the contract here differ from such terms in that contract. We held then that the title offered was a marketable one, free from defect, and ordered judgment entered, directing the defendant, in that submission specifically to perform, accept the deed, pay the sum stipulated and deliver the purchase-money bond and mortgage contracted for. (*Seitz Estates, Inc.,* v. *Seitz,* 226 App. Div. 373.) No appeal was taken nor leave to appeal applied for. The plaintiff is again the owner and in the identical position as before, through foreclosure of a mortgage on the property and a sale to itself.

The real property in question was originally held in fee by one Charles E. Seitz, who died intestate May 23, 1917, a resident of Richmond county, leaving him surviving a widow and four children, one of whom is the incompetent, Walter R. Seitz. Upon the death of the widow, in March, 1920, all her dower interest in the property lapsed, and a three-fourths undivided interest was vested in the plaintiff. The incompetent child, Walter R. Seitz, owner of the remaining undivided fourth, was for many years, and still is, a resident of Switzerland, the courts of which country,

in 1925, adjudged him incompetent and appointed a Swiss guardian. Thereafter, his sister, Ida C. Seitz, was appointed committee of the property of the incompetent within the State of New York, the appointment being made by the County Court of the county of Richmond, pursuant to the provisions of section 1363 of the Civil Practice Act, the said foreign committee concurring in the appointment. In June, 1927, the City Court of the City of New York, county of Richmond, accepted the resignation of Ida C. Seitz and appointed the Guaranty Trust Company of New York as committee in her place, which appointment was accepted and the trust company has so acted ever since. Thereafter, on due notice to all persons interested, the trust company, as such committee, instituted a proceeding in the Supreme Court, Kings county, for an order authorizing it to sell the undivided interest of the incompetent in the real property in question, and to convey the same to the plaintiff in exchange for stock of the plaintiff. The court ordered a reference and appointed a special guardian to represent the incompetent. Upon oral testimony and documentary evidence the referee filed a report, which was confirmed by the court, authorizing the trust company, as committee, to sell and convey the incompetent's right, title and interest in the real property to the plaintiff, in exchange for a proportionate amount of the plaintiff's capital stock. These steps were duly taken and the trust company's report, as committee, of its action was ratified by the court.

Refusing to be bound by this court's adjudication of the marketability of plaintiff's title (*Seitz Estates, Inc.,* v. *Seitz,* 226 App. Div. 373), this defendant, for the same reason urged in that case, refuses to take title on the grounds that the New York court had no authority, under section 1363 of the Civil Practice Act, to appoint, as committee, a New York resident and could only appoint the foreign committee, and further that the order directing the conveyance in exchange for stock was void, because the court could not, under section 116 of the Real Property Law, entertain an application for such an exchange until after a proceeding under article 82 of the Civil Practice Act had resulted in an order authorizing a sale of the incompetent's interest, and that the attempt to combine the proceedings for leave to sell, under article 82 of the Civil Practice Act, with proceedings for the exchange, under section 116 of the Real Property Law, was unauthorized. Both of these objections were held untenable in our former ruling and we are not persuaded to revoke it now.

We find it *stare decisis* that plaintiff's title is marketable (*Seitz Estates, Inc.,* v. *Seitz, supra*) and that judgment must be given plaintiff in this submission.

The plaintiff is entitled to judgment directing the defendant specifically to perform its contract, to accept plaintiff's deed, pay to plaintiff the sum of $2,000, with interest thereon from November 20, 1935, and deliver to plaintiff a purchase-money bond and mortgage for $7,000 in accordance with the terms of the contract of sale, without costs.

MARTIN, P. J., O'MALLEY, DORE and COHN, JJ., concur.

Judgment directed in favor of plaintiff, without costs, as indicated in opinion. Settle order on notice.